**Ex parte Leport WALTON, Plaintiff-Appellant,**

v.

**Dr. George J. BETO, Director, Texas Department of Corrections, Defendant-Appellee.**

No. 28246.

United States Court of Appeals Fifth Circuit.

Jan. 20, 1970.

Rehearing Denied Feb. 12, 1970.

Certiorari Denied May 18, 1970.

See 90 S.Ct. 1698.

**1384**

On January 6, 1970, this Court, in another case, Galloway v. Beto, 5 Cir., 421 F.2d 284 answered the question in the affirmative.

Therefore, the judgment of the District Court is reversed and the cause remanded for further proceedings not inconsistent with the rule announced in *Galloway, supra.*

Reversed and remanded.

Charles W. Tessmer, Dallas, Tex., for plaintiff-appellant.

Gilbert J. Pena, Asst. Atty. Gen., Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Hawthorne Phillips, Executive Asst. Atty. Gen., Robert C. Flowers, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, COLEMAN, and DYER, Circuit Judges.

PER CURIAM:

■  On June 23, 1969, the double jeopardy prohibition of the Fifth Amendment to the United States Constitution was declared applicable to the various states, Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707.

■  This is an appeal from the denial of habeas corpus to a Texas state prisoner. Walton was first indicted for murder in 1962. A jury then convicted him of murder without malice and assessed his punishment at imprisonment for five years. This conviction was reversed. He was again tried in July, 1965, with the result that he was found guilty of murder with malice aforethought and sentenced to imprisonment for fifty years.

The question raised by the appeal is whether this second conviction constituted double jeopardy and thus retroactively falls within the interdiction of Benton v. Maryland, supra.